IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOREL SHOPHAR,

                        Plaintiff,

vs.                                        Case No. 16-4034-SAC-KGS

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES; CITY
OF OVERLAND PARK, KANSAS,

                        Defendants.


**MEMORANDUM AND ORDER**

    Plaintiff, pro se, has filed a complaint naming as
defendants the Bureau of Alcohol, Tobacco, Firearms and
Explosives (ATF) and the City of Overland Park, Kansas.
Plaintiff alleges that in June 2014 he was installing security
cameras at Aaron Sevart's residence in Overland Park. Plaintiff
alleges that when plaintiff asked for payment he was threatened
and assaulted by Sevart. Plaintiff claims that he hurriedly
left Sevart's residence without taking all of his equipment.
Plaintiff contends that he tried to make a police report, but
that the officers at the Overland Park Police Department refused
to take one. He asserts that they also refused to escort
plaintiff to Sevart's residence to retrieve plaintiff's
equipment. A considerable time later, in connection with a
civil suit plaintiff filed against Sevart for non-payment of

1

services, the police department, according to plaintiff, produced a fabricated police report in response to a subpoena from Sevart's attorney. Plaintiff also alleges that, back in June 2014, he observed Sevart in possession of a firearm. Plaintiff claims Sevart is a convicted felon. He further contends that although he reported Sevart to the ATF, the ATF did not adequately investigate or prosecute the matter.

Plaintiff alleges a violation of the following statutes: 42 U.S.C. §§ 1981 and 1983; 18 U.S.C. §§ 242 and 922; and K.S.A. 21-6102. Plaintiff also alleges negligence. Plaintiff seeks: "the right to file a police report" regarding the June 2014 events involving Aaron Sevart; $150,000 in punitive damages from the City of Overland Park for discrimination; and that the ATF "uphold the law . . . and remove all weapons from Aaron Sevart and prosecute Mr. Sevart to the full extent of the law." Doc. No. 1-1, p. 6.

This case is now before the court upon motions to dismiss from each defendant. Defendant City of Overland Park asks that plaintiff's claims be dismissed pursuant to FED.R.CIV.P. 12(b)(6) and FED.R.CIV.P. 8. Defendant ATF asks that plaintiff's claims be dismissed pursuant to FED.R.CIV.P. 12(b)(1) and 12(b)(6).

I. STANDARDS

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

A complaint may be dismissed pursuant to Rule 12(b)(6) if the complaint fails to state a claim upon which relief may be granted. When assessing a Rule 12(b)(6) motion, the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir.2009), cert. denied, 558 U.S. 1148 (2010). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions

3

alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

Under FED.R.CIV.P. 12(b)(1), a court must dismiss a claim if convinced there is a lack of subject matter jurisdiction. In assessing any jurisdictional question or standing issue raised by defendant ATF, the court shall accept all factual allegations in the complaint as true. See Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995).

II. PLAINTIFF LACKS STANDING TO ASK THE COURT TO REQUIRE ATF TO PROSECUTE MR. SEVART.

Plaintiff claims that ATF failed to investigate Sevart's alleged violation of 18 U.S.C. § 922(g), and failed to enforce this law and communicate with plaintiff regarding his concerns. Section 922(g) makes it illegal for a convicted felon to possess any firearm which has traveled in interstate commerce. Plaintiff asks that the court order ATF to uphold § 922(g), prosecute Sevart, and remove weapons from Sevart.

In general, in order to bring a claim in court a plaintiff must allege that he suffered or imminently will suffer a concrete and particularized injury which justifies judicial intervention. Lexmark Intern., Inc. v. Static Control Components, Inc., 134 S.Ct. 1377, 1386 (2014); WildEarth Guardians v. Public Service Co., 690 F.3d 1174, 1182 (10th Cir. 2012). The Supreme Court has made clear in other cases seeking enforcement of criminal statutes that private citizens do not have standing to bring such claims. In Linda R.S. v. Richard D., 410 U.S. 614 (1973), the plaintiff, who was a child's mother, challenged the alleged non-enforcement of a statute which made it a crime for a parent to fail to support one's children. She alleged that the father of her child was guilty of violating the statute. Drawing on a line of cases, the Court found that she had no standing to bring her claim:

5

The Court's prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. See Younger v. Harris, 401 U.S. 37, 42, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971); Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512 (1962); Poe v. Ullman, 367 U.S. 497, 501, 81 S.Ct. 1752, 1754, 6 L.Ed.2d 989 (1961). Although these cases arose in a somewhat different context, they demonstrate that, in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.

Id. at 619.

This principle was applied by the Tenth Circuit in DeMillard v. No Named Defendant, 407 Fed.Appx. 332, 333 (10th Cir. 2011) to hold that that a plaintiff did not have standing to ask a court to issue an arrest warrant for a person who was alleged to have kidnapped the plaintiff's son. See also, Liverman v. Bush, 213 Fed.Appx. 675, 677 (10th Cir. 2007)(plaintiff lacks standing to compel investigation and prosecution of complaints submitted to the Attorney General); Keyter v. Members of 110th Congress, 277 Fed.Appx. 825, 827 (10th Cir. 2008)(a private citizen has no standing to initiate federal criminal prosecutions).

Standing is a threshold issue which the court may act upon without addressing other issues, even jurisdictional questions. See Moms Against Mercury v. Food & Drug Administration, 483 F.3d 824, 826 (D.C.Cir. 2007). Here, plaintiff has not alleged that plaintiff has suffered a concrete and particularized injury

justifying judicial intervention by reason of ATF's alleged failure to enforce § 922(g), investigate Sevart's alleged violation of § 922(g), or communicate with plaintiff regarding his report of a § 922(g) violation.  Although ATF raises other grounds which support dismissal, the court shall not address those arguments here.  The court shall dismiss plaintiff's claims against ATF because, based upon the complaint's allegations, plaintiff does not have standing to ask the court to order the relief he has requested against ATF.

III.  PLAINTIFF DOES NOT STATE A CLAIM FOR RELIEF AGAINST DEFENDANT CITY OF OVERLAND PARK.

Plaintiff asks the court to declare that he has a right to file a police report for the events that occurred on June 24, 2014 regarding Aaron Sevart and for $150,000 in punitive damages for discrimination.  Plaintiff appears to base his requests upon three federal statutes cited in his complaint:  18 U.S.C. § 242; 42 U.S.C. § 1981; and 42 U.S.C. § 1983.  Defendant City of Overland Park argues, and the court agrees, that plaintiff has not stated a claim for relief under these statutes.

Section 242 is a criminal statute punishing persons who subject others to the deprivation of rights protected by the Constitution or federal laws by reason of race or color.  The Tenth Circuit and other courts have held that this statute does not provide a private right of action.  Houck v. Gurich, 515

Fed.Appx. 724 (10th Cir. 2013); <u>Henry v. Albuquerque Police Dep't</u>, 49 Fed.Appx. 272, 273 (10th Cir. 2002); see also, <u>U.S. v. Oguaju</u>, 76 Fed.Appx. 579, 581 (6th Cir. 2003); <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 511 (2d Cir. 1994). Only entities authorized to bring criminal charges may initiate an action to enforce § 242.

Section 1981 provides that persons have the same right, regardless of race, to make and enforce contracts; to sue, be parties, and give evidence in court; to be subject to like punishment, penalties, taxes, licenses and exactions; and to the full and equal benefit of all laws and proceedings. The Tenth Circuit has held that § 1981 does not provide a cause of action against municipalities and that such claims must instead be brought under § 1983. <u>Bolden v. City of Topeka</u>, 441 F.3d 1129, 1136-37 (10th Cir. 2006). Therefore, the court shall examine whether plaintiff states a claim upon which relief may be granted under § 1983.

A plaintiff bringing a § 1983 claim must "'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" <u>Bruner v. Baker</u>, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quoting <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)). Plaintiff has failed to

make allegations describing a viable claim under § 1983 for the following reasons.

First, plaintiff does not allege a violation of a right secured by the Constitution and laws of the United States. Plaintiff alleges that members of the City of Overland Park's police department refused to allow plaintiff to make a police report and then later fabricated a report in response to a subpoena. Plaintiff's alleged facts, however, do not describe a violation of the Constitution or federal law. Plaintiff does not have a federal due process right to a police investigation. See DeShaney v. Winnebago County Dep't of Soc. Serv., 489 U.S. 189, 195-97 (1989) (denying claim against state social workers who allegedly did not respond to complaints regarding child abuse); Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005) (no property interest for purposes of the Due Process Clause in police enforcement of restraining order); see also Gray v. City of Los Angeles, 1999 WL 970769 (9th Cir. 1999)(dismissing 1983 claim based on refusal to file a report about an allegedly stolen car).

Plaintiff fails to describe any other constitutional injury other than making a general claim that the City of Overland Park "discriminated against my civil rights" and that it "failed to provide me with equal rights of citizenship." Doc. No. 1-1, p. 5. But, plaintiff does not allege facts which describe a

plausible claim for discrimination on the basis of race or other protected category. Cf., Khalik, 671 F.3d at 1193-94 (general allegations of discrimination do not state a claim under Title VII of the Civil Right Act of 1964).

The second reason to reject plaintiff's § 1983 claim against defendant City of Overland Park is that plaintiff fails to allege that a city custom or policy caused the alleged § 1983 violation. This rationale derives from the Supreme Court decision in Monell v. Department of Social Services, 436 U.S. 658 (1978). As explained recently in another case in this court:

> In Monell v. Department of Social Services, the Supreme Court recognized that municipalities can be liable under § 1983 for violating a person's constitutional rights. 436 U.S. at 690. But, the Supreme Court concluded that "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Id. at 691. Instead, a plaintiff may sue municipalities only for their own unconstitutional policies or customs—and not for acts by their employees. Id. at 694-95.
> Thus, "[a] plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." Myers v. Okla. Cty. Bd. of Cty. Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing Monell, 436 U.S. at 694). The Tenth Circuit has explained that "[a]n unconstitutional deprivation is caused by a municipal 'policy' if it results from decisions of a duly constituted legislative body or an official whose acts may fairly be said to be those of the municipality itself." Carney v. City and Cty. of Denver, 534 F.3d 1269, 1274 (10th Cir. 2008) (citation

omitted). And, the Circuit has defined a "custom" as "an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law." Id. (citation omitted). Such a custom is marked by "'continuing, persistent and widespread'" actions by municipal employees. Id. (quoting Gates v. Unified Sch. Dist. No. 449, 996 F.2d 1035, 1041 (10th Cir. 1993)).

Neighbors v. Lawrence Police Department, 2016 WL 3685355 *7 (D.Kan. 7/12/2016). Plaintiff does not state facts showing that the alleged refusal to permit plaintiff to make a police report was caused by a municipal policy.[1]   Therefore, the court finds that plaintiff has failed to allege a § 1983 claim upon which relief may be granted.

Plaintiff asks for punitive damages as relief for his claims against defendant City of Overland Park.   The Supreme Court has decided, however, that punitive damages are not allowed against a municipality in a § 1983 action.   City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

Finally, the other relief requested by plaintiff against defendant City of Overland Park seems to be in the nature of a declaratory judgment.   Plaintiff requests "[t]he right to file a police report for events that occur[red] on June 24, 2014

---

[1] As suggested in the excerpt quoted from Neighbors, a plaintiff may plausibly allege that such policy or custom exists by alleging facts which show (1) formal regulations; (2) widespread practice so permanent that it constitutes a custom; (3) decisions made by employees with final policymaking authority that are relied upon by subordinates; or (4) a failure to train or supervise employees that results from a deliberate indifference to the injuries caused. Brammer-Hoelter v. Twin Peaks Charter Acad., 602 F.3d 1175, 1189 (10th Cir. 2010).

regarding Aaron Sevart." Doc. No. 1-1, p. 6. The court
construes this as asking the court to declare that plaintiff had
the right to file a police report back in 2014 regarding what
happened with Aaron Sevart. A declaratory judgment, however,
ordinarily should not be granted unless the parties' plans or
actions are likely to be affected by the declaratory judgment.
Jordan v. Sosa, 654 F.3d 1012, 1030 (10th Cir. 2011)(citing and
quoting Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997)
and Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 412 (3d
Cir. 1992)); see also Barney v. Pulsipher, 143 F.3d 1299, 1306
n.3 (10th Cir. 1998)(a plaintiff cannot maintain a declaratory
judgment action unless he or she can establish a good chance of
being likewise injured in the future); Cox v. Phelps Dodge
Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(dismissing declaratory
judgment claim in an employment discrimination case where the
plaintiff was no longer employed by defendant). It is improper
to ask for a declaration regarding a controversy in 2014 when
that declaration would not impact the parties' current actions.
Plaintiff does not allege facts demonstrating a current
controversy between plaintiff and defendants which would be
impacted by a declaratory judgment that plaintiff had the right
to file a police report in 2014. Therefore, plaintiff fails to
state a claim for a declaratory judgment.

IV. AT THIS POINT, THE COURT SHALL NOT EXERCISE JURISDICTION
OVER PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANT CITY OF
OVERLAND PARK.

Plaintiff has also alleged negligence and the violation of
a state statute.   The court shall defer deciding the arguments
raised against those state law claims.   The court shall grant
plaintiff 21 days from the date of this order to file an amended
complaint which states facts demonstrating standing and a viable
cause of action under federal law. If plaintiff does not do so,
the court shall dismiss plaintiff's federal law claims with
prejudice and dismiss plaintiff's state law claims without
prejudice.   See Smith v. City of Enid, 149 F.3d 1151, 1156 (10th
Cir. 1998)("[w]hen all federal claims have been dismissed, the
court may, and usually should, decline to exercise jurisdiction
over any remaining state claims").

V. THE COURT SHALL DENY DEFENDANT CITY OF OVERLAND PARK'S
REQUEST FOR AN AWARD OF ATTORNEY'S FEES WITHOUT PREJUDICE.

In defendant City of Overland Park's motion to dismiss, it
asks the court to make an award of costs and attorney's fees
against plaintiff pursuant to 42 U.S.C. § 1988.   Section 1988
permits the court "in its discretion" to allow the prevailing
party, whether a plaintiff or a defendant in an action to
enforce a provision of § 1981 or § 1983, to recover a reasonable
attorney's fee as part of the costs.   Under FED.R.CIV.P.

13

54(d)(2)(B)(i), unless provided otherwise in a statute or court rule, a motion for attorney's fees must be filed no later than 14 days after the entry of judgment.  Local Rule 54.2 sets forth the procedure for seeking an award of statutory attorney fees. A motion for such an award is contemplated by the local rule, and consultation with the opposing party is required.  The rule directs that a memorandum be filed within 30 days of the motion for fees.  The memorandum must include a statement of consultation and the factual basis for the motion.  The court may not consider a motion for fees until the statement of consultation is filed.  D.Kan. Rule 54.2(d).  Because the request for attorney's fees is not made pursuant to a separate motion after entry of judgment and is not supported by a memorandum and statement of consultation, the request shall be denied without prejudice.  See <u>Layne Christensen Co. v. Bro-Tech Corp.</u>, 871 F.Supp.2d 1104, 1124 (D.Kan. 2012).

VI. CONCLUSION

     For the reasons stated within, the court shall dismiss this case unless, within 21 days from the date of this order, plaintiff files an amended complaint which states facts demonstrating standing and a viable cause of action under federal law.  Also, defendant City of Overland Park's request for attorney's fees is denied without prejudice.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2016, at Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge